UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | No. 5:08-CR-162-KKC |
| | ) | No. 5:10-CV-7130-KKC |
| v. | ) | |
| | ) | RECOMMENDED DISPOSITION |
| KEVIN MARCUS SPALDING, | ) | |
| | ) | |
| Defendant/Movant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

On June 3, 2010,[1] Defendant/Movant Kevin Marcus Spalding moved pro se for relief under 28 U.S.C. § 2255. *See* DE #50 (Pro Se Motion to Vacate). The United States responded in opposition on September 7, 2010. *See* DE #54 (Response in Opposition). Spalding replied on October 18, 2010. *See* DE #57 (Reply).

Having now considered the full record, and for the reasons articulated herein, the Court **RECOMMENDS** that the District Judge **DENY** section 2255 relief as to both grounds raised by Spalding. Additionally, the District Court should not grant a Certificate of Appealability.

**I. BACKGROUND**

On August 7, 2008, the Grand Jury indicted Spalding on one count of knowingly and intentionally possessing with intent to distribute five grams or more of a mixture or substance containing a detectable amount of crack cocaine, in violation of 21 U.S.C. § 841(a)(1). *See* DE

---

[1] This filing date reflects the prison mailbox rule. *See Richard v. Ray*, 290 F.3d 810, 812-13 (6th Cir. 2002) (per curiam). Here, Spalding signed his Motion on June 2, 2010, and the envelope reflects a postmark of June 3, 2010. *See* DE #50-2 (Envelope).

1

#1 (Indictment). The United States filed a notice of enhanced statutory punishment, under 21 U.S.C. § 851. *See* DE #8 (Notice). Spalding moved to suppress evidence seized during the relevant stop of his motor vehicle, *see* DE #15 (Motion to Suppress), but United States Magistrate Judge Todd recommended denial of the motion, after considering full briefing and conducting an evidentiary hearing. *See* DE #25 (Proposed Finding of Fact and Recommendation). On December 1, 2008, District Judge Caldwell adopted Judge Todd's recommended disposition. *See* DE #28 (Order/Minute Entry).

Just over two months later, on February 9, 2009, Defendant/Movant moved for rearraignment. *See* DE #29 (Motion for Rearraignment). On February 17, 2009, Spalding pled guilty to the sole count of the Indictment. *See* DE #31 (Minute Entry); DE #52 (Transcript of Rearraignment) ("Tr."). The underlying plea agreement included a waiver of the right to appeal and attack collaterally the guilty plea and conviction. *See* DE #32 (Plea Agreement) at ¶ 8. Additionally, the agreement featured a conditional waiver of "the right to appeal any sentence not in excess of 144 months." *See id.*

On June 17, 2009, District Judge Caldwell sentenced Defendant/Movant to 120 months of incarceration and eight years of supervised release, plus a special assessment of $100. *See* DE #47 (Judgment); DE #53 (Transcript of Sentencing) ("Sent Tr."). Judge Caldwell indicated that the 120-month sentence constituted the statutory minimum sentence that she could impose. *See* Sent. Tr. at 12 lns. 9-15. Notably, at sentencing, Judge Caldwell calculated the advisory guideline range for Spalding at "262 months to 327 months, based on a total offense level of 34 and a criminal history category of 6." *See* Sent. Tr. at 4 lns. 2-3. After articulating an intent to grant the Government's motion for a downward departure, *see id.* at 4 lns. 12-13, the District Court

assessed how much of a departure to grant specifically and determined that a departure down to the minimum 120-month sentence would be appropriate. *See id.* at 4 lns. 20-25; *id.* at 5-11; *id.* at 12 lns. 1-15.

Spalding filed no direct appeal. However, on June 3, 2010, Defendant/Movant submitted the instant section 2255 motion. *See* DE #50. The motion argues ineffective assistance of counsel in relation to sentencing and error by the sentencing court in calculating Spalding's offense level. *See id.* at 4, 8-9. Defendant/Movant – working from the assumed success of his theories – requests the Court to "correct [his] sentence to 55 months." *See id.* at 14.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 2255, a federal prisoner may seek habeas relief because a sentence violates the Constitution or federal law, the federal court lacked jurisdiction to impose such sentence, or the sentence exceeds the maximum authorized by law. *See* 28 U.S.C. § 2255. To prevail on a section 2255 motion alleging constitutional error, the movant must establish that the error had a "substantial and injurious effect or influence on the proceedings." *Watson v. United States,* 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson,* 113 S. Ct. 1710, 1721-22 (1993)). To prevail on a motion alleging non-constitutional error, a movant must establish a "fundamental defect which inherently results in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process." *Watson,* 165 F.3d at 488 (citing *Hill v. United States,* 82 S. Ct. 468, 471 (1962)). In making a section 2255 motion, the movant bears the burden of proving his or her contentions by a preponderance of the evidence. *See McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003) (per curiam) ("Defendants seeking to set aside their sentences pursuant to 28 U.S.C. § 2255 have the burden of sustaining their contentions by a

preponderance of the evidence.").

A reviewing court shall hold an evidentiary hearing unless "the files and records of the case conclusively show that the prisoner is entitled to no relief." *See* 28 U.S.C. § 2255(b). Further, "no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact .'" *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)).

The Court additionally recognizes the pro se status of Spalding. Pro se motions receive a comparatively lenient construction by the Court. *See Castro v. United* States, 124 S. Ct. 786, 791-92 (2003) (demonstrating consideration given across the circuits for pro se petitions); *Franklin v. Rose,* 765 F.2d 82, 85 (6th Cir. 1985) (holding that "allegations of a pro se habeas petition, 'though vague and conclusory, are entitled to a liberal construction'" including "active interpretation . . . 'to encompass any allegation stating federal relief'").

## III. ANALYSIS

Spalding raises two claims for section 2255 relief. First, he argues that his counsel performed ineffectively in relation to sentencing by failing to argue that Defendant/Movant's "Career Offender Guideline Offense level should have began [sic] at a maximum at level 29." *See* DE #50 at 4. This argument emphasizes disparities between crack and powder cocaine sentencing. *See id.* at 5-8. Second, Spalding asserts that the District Court committed error when not determining his "Advisory Career Offender Base Guideline Level" to be, "at most, Level 29." *See id.* at 9. For the reasons described below, Spalding's section 2255 motion must be denied.

A. Waiver

Somewhat puzzlingly, the United States responded to Spalding's section 2255 motion by relying almost exclusively on the waiver contained in the plea agreement.[2] *See* DE #54 at 1-6. That waiver, if enforceable,[3] bars appeal and collateral attack of the guilty plea and conviction. *See* DE #32 at ¶ 8. Additionally, the waiver bars "**appeal**" of any sentence in excess of 144 months of imprisonment. *See id.* Notably, **the waiver does not address collateral attack of sentencing at all**. District Judge Caldwell explained the waiver exactly as written:

> Q. All right. Now, your plea agreement at Paragraph 8 provides, though, that you are not going to appeal or file a separate lawsuit attacking your guilty plea and conviction. **You also will waive your right to appeal a sentence, as long as it's not more than 144 months.** Do you understand that?
>
> A. Yes, ma'am.
>
> Q. In other words, if this Court were to sentence you to more than 144 months, you could take that up to the Court of Appeals. Do you understand?
>
> A. Yes, ma'am.

---

[2] When section 2255 motions do not articulate a basis for attacking the validity of a waiver or plea, the Sixth Circuit has upheld collateral-attack waivers if otherwise knowing and voluntary. *See, e.g.*, *Short v. United States*, 471 F.3d 686, 697-98 (6th Cir. 2006) (finding a movant's arguments, other than ineffective assistance and jurisdictional arguments, waived by a plea agreement); *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001) (holding that a defendant waived his right to bring a section 2255 petition based on ineffective assistance of counsel not relating to the plea agreement). As relevant, only challenges to the validity of a guilty plea cannot generally be waived. *See, e.g.*, *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007) ("[A] defendant's informed and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable."); *id.* (". . . [I]t would be entirely circular for the government to argue that the defendant has waived his right to an appeal or a collateral attack when the substance of his claim challenges the very validity of the waiver itself.").

[3] Courts interpret plea agreements under principles of contract law. *See United States v. Socolovitch*, 340 F. App'x 291, 296 (6th Cir. 2009) (citing *United States v. Lukse*, 286 F.3d 906, 909 (6th Cir. 2002)); *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986).

Tr. at 13 lns. 3-12 (emphasis added). Even if enforced, then, the waiver does not bar Spalding's collateral attack on the assistance of counsel in relation to sentencing and the District Court's sentencing calculations. The waiver only barred direct appeal.

B. Procedural Default

As to the sentencing calculations claim in Spalding's section 2255 motion, the Court notes that, based on the record of no direct appeal, this claim would be subject to procedural default analysis. *See Elzy v. United States*, 205 F.3d 882, 887 (6th Cir. 2000) (noting that courts may raise procedural default *sua sponte*). While ineffective assistance of counsel claims cannot generally be procedurally defaulted, *Massaro v. United States*, 123 S. Ct. 1690, 1693 (2003), claims of error by a District Court, like any other constitutional or non-constitutional issues, can be. Accordingly, Spalding's sentencing calculations claim would require procedural default analysis, while his ineffective assistance of counsel claim would not.

A section 2255 motion cannot substitute for a direct appeal. *See Sunal v. Large*, 67 S. Ct. 1588, 1590 (1947) ("[T]he general rule is that the writ of habeas corpus will not be allowed to do service for an appeal."); *Peveler v. United States*, 269 F.3d 693, 698-703 (6th Cir. 2001) (analyzing procedural default). To assert a claim not raised on direct review, a defendant ordinarily must show cause for the default and prejudice. *See Bousley v. United States*, 118 S. Ct. 1604, 1611 (1998); *United States v. Frady*, 102 S. Ct. 1584, 1594 (1982); *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003). Additionally, "[i]f claims have been forfeited by virtue of ineffective assistance of counsel, then relief under § 2255 would be available" subject to an analysis under *Strickland v. Washington*, 104 S. Ct. 2052 (1984). *See Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996).

Whether a defendant's waiver of appeal rights can ever be the basis for cause presents, potentially, an interesting question. However, the United States here made no mention of procedural default in its response. *See* DE #54. Instead, the Government argues the plea agreement waiver almost entirely and then simply adds two paragraphs addressing Spalding's claims on their merits. Based on this effort, which cannot be taken as raising procedural default in any way, the United States has implicitly waived that defense. *See Cone v. Bell*, 129 S. Ct. 1769, 1791 n.6 (2009) (Alito, J., concurring in part and dissenting in part) (citing *Banks v. Dretke*, 124 S. Ct. 1256, 1280 (2004)) (noting that "procedural default may be waived if it is not raised as a defense"); *Flood v. Phillips*, 90 F. App'x 108, 114-15 (6th Cir. 2004) (discussing waiver of procedural default as a defense and declining to raise the issue *sua sponte*).

While courts may *sua sponte* raise the issue and order a defendant/movant to show cause and prejudice for the default, *see Elzy*, 205 F.3d at 886, here the Court, in its discretion, proceeds on the merits. Judicial economy favors addressing the sentencing calculations claim here, where the Court will be addressing alleged ineffectiveness of counsel in relation to sentencing anyway. Procedural default would not impact the ineffective assistance claim, after all.

C. Merits

Spalding's claims yield no relief on the merits. First, under an objectively reasonable standard, counsel represented Defendant/Movant effectively in relation to sentencing and no prejudice resulted. Second, Spalding fails to show entitlement to relief as to sentencing calculations.

*1. Ineffective Assistance*

To establish ineffective assistance of counsel, a movant must show that counsel's

7

performance was deficient and prejudicial. *See Strickland*, 104 S. Ct. at 2064, 2068. First, the burden falls upon the defendant to demonstrate that "counsel's representation fell below an objective standard of reasonableness." *See id.* at 2064. The errors must be "so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *See id.* Here, the court's review of counsel's conduct is highly deferential and "indulge[s] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *See id.* at 2065. Notably, "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *See id.*

Second, to establish prejudice, a defendant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *See id.* at 2068. Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *See id.* at 2066. Any increase in a sentence may constitute prejudice. *See Glover v. United States,* 121 S. Ct. 696, 700 (2001) ("Authority does not suggest that a minimal amount of additional time in prison cannot constitute prejudice. Quite to the contrary, our jurisprudence suggests that any amount of actual jail time has Sixth Amendment significance."). Courts can approach the *Strickland* analysis in any order, and an insufficient showing on either prong under *Strickland* ends the inquiry. *See Strickland*, 104 S. Ct. at 2069.

The record indisputably refutes Spalding's claim. First, in terms of the statutory parameters for sentencing, Defendant/Movant agreed that he had a prior drug felony, as described

in the United States's section 851 notice. *See* DE #32 at ¶ 4 ("The Defendant has a prior final drug felony conviction as set forth in the notice filed by the United States pursuant to 21 U.S.C. § 851, and therefore the Defendant is subject to the above enhanced statutory punishment."). The section 851 notice actually reveals three such prior convictions. DE #8. At rearraignment, the Government noted that a prior felony conviction had been admitted in the plea agreement, *see* Tr. at 9 lns. 8-13, and Judge Caldwell walked Spalding through the specifics as well:

> Q. Now, it's very important that you understand Paragraph 4 of the plea agreement, because it talks about the statutory punishment that applies in your case.
> With regard to this charge, the statutory punishment is not less than 10 years nor more than life in prison; a fine of not more than $4 million, or both; and a term of supervised release of not less than eight years. Also, a special assessment of $100 applies.
> Do you understand that that is the federal statutory penalty that applies?
> A. Yes, ma'am.

*Id.* at 11 lns. 8-18. All of this discussion, which confirmed to Spalding that the statutory minimum punishment at issue would include ten years of imprisonment, occurred prior to Defendant/Movant's final decision to change his plea to guilty. The relevant mechanics thus involved a guilty plea to the section 841 charge with the enhancement via section 851. The Plea Agreement and colloquy establish Movant's knowledge and assent.

Spalding advocates, premised on cocaine/crack disparities, that his attorney should have argued, under United States Sentencing Guideline § 4B1.1, for a 20:1 ratio, resulting in a maximum "Career Offender Guideline Offense Level at 29." *See* DE #50 at 4-8. However, even if Defendant/Movant could establish deficient performance by counsel,[4] Spalding cannot show

---

[4] Spalding also has not shown constitutionally deficient performance. That debate existed and exists regarding crack and powder cocaine sentencing disparities simply does not mean that every defense attorney must have raised that precise issue to be effective, as Defendant/Movant

prejudice. Defendant/Movant's basis for the argument – section 4B1.1 – provides no mechanism to accommodate such an argument because Spalding does not in any way contest that he is a career offender. The career offender status results in a criminal history category of VI. *See* USSG § 4B1.1(b) (2008 ed.) ("A career offender's criminal history category in every case under this subsection shall be Category VI."). To the extent Spalding relies on an alternative base offense level under USSG § 2D1.1 – or, Amendment 706, as it is known – the Sixth Circuit has determined that "any 'alternative base offense level under 2D1.1 ultimately [does] not affect the calculation of the sentencing range under the career offender classification, 4B1.1,' and that, as a result, 'Amendment 706 has no effect on the ultimate sentencing range imposed . . . under the career-offender Guideline.'" *United States v. Blewett*, 2011 WL 1682884, at *2 (6th Cir. May 5, 2011) (slip copy) (quoting *United States v. Perdue*, 572 F.3d 288, 293 (6th Cir. 2009)). Presumably, Spalding contends the adjustment for acceptance of responsibility would be subtracted from the offense level of 29 he seeks, resulting in a total offense level of 26. Under the 2008 Guidelines, which Judge Caldwell applied in Spalding's case, a total offense level of 26 and a criminal history category of VI result in a guidelines range of 120 months to 150 months.[5]

---

contends. *See Brazelton v. United States*, No. 3:06-CR-144 RM, 2010 WL 5391579, at *3-*4 (N.D. Ind. Dec. 21, 2010) (slip copy) (collecting cases to show that attorneys have not been found ineffective, generally, for failing to raise the crack and powder cocaine sentencing disparity). In this instance, Spalding's counsel secured a sentence substantially below the guidelines range by emphasizing Defendant/Movant's cooperation and acceptance of responsibility. The Court does not find that counsel, who had already convinced the Court to make such a substantial departure, must also have futilely moved the Court to depart below the statutory mandatory minimum sentence, based on a crack and powder cocaine sentencing disparity.

[5] In Spalding's section 2255 motion, he argues that "When other factors are included, Spalding's advisory guideline level should be 55 to 64 months imprisonment." *See* DE #50 at 9. Notably, no result in the Sentencing Table in the 2008 Guidelines Manual shows a

This guidelines range still **meets or exceeds** the 120-month sentence that Spalding received, so he has not, on the record before the Court, in any way established prejudice under *Strickland*.

Even more fundamentally, Spalding blends guideline and mandatory minimum sentence issues and ignores the structure of section 4B1.1. That section assigned the offense level of 37 because the statutory punishment at issue potentially was "life." *See* USSG § 4B1.1(b)(A). The section 851 notice produced an imprisonment range for the conviction of not less than 10 years up to a maximum of life in prison. *See* Plea Agreement, ¶ 4; § 841(b)(1)(B). Thus, the offense-level calculation derived from the *statute* itself, not the alternative guidelines treatment of cocaine and crack.

The sentence obtained by counsel was the minimum possible for the conviction, and Judge Caldwell would not have had authority to drop below the ten years she imposed. The United States did file a section 5K1.1 motion, but it did not move under section 3553(e) for a departure below the statutory minimum. *See* DE #41. Spalding's argument simply does not and cannot establish *Strickland* prejudice or any basis for relief. Under the applicable standard, Defendant/Movant has not shown entitlement to relief, so this ground for relief must be denied.

*2. Sentencing Calculations*

Relatedly, Spalding also urges that the Court should correct a prior miscalculation and that his "Career Offender Base Guideline Level . . . should have been, at most, level 29." *See* DE #50 at 9. Defendant/Movant walks through the same basic analysis as to why he believes the District Court erred, with the one addition being a general reference to the passage of the Fair

---

sentence of 55-64 months. Given the impossibility of Spalding's contention, the Court cannot ascertain how Defendant/Movant attempted to calculate the guideline range.

Sentencing Act over a year after he plead guilty and received his sentence. *See id.* at 12-13; *Logan v. United States*, No. WDQ-10-0203, 2011 WL 1656025, at *1-*5 (D. Md. Apr. 28, 2011) (slip copy) (addressing sentencing calculation and ineffective assistance of counsel claims, related to the Fair Sentencing Act, under section 2255 and denying relief).

Again Spalding fails to show entitlement to relief. To prevail on a motion alleging non-constitutional error, the movant must establish a "fundamental defect which inherently results in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process." *Watson,* 165 F.3d at 488 (citing *Hill,* 82 S. Ct. at 471). Here, as noted above, even accepting Spalding's sought offense level of 29, the resulting guidelines range would still meet or exceed the statutory mandatory minimum sentence he received. Binding precedent in the Sixth Circuit establishes that the Fair Sentencing Act is not retroactive, *see United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010), so that Act provides Defendant/Movant with no alternative basis for relief. *See Slocum v. United States*, No. 08-CR-21097-LENARD, 2011 WL 1743777, at *1-*3 (S.D. Fla. Mar. 28, 2011) (slip copy) (relying on *Carradine*, in part, to deny section 2255 motion premised on Fair Sentencing Act). Spalding has not shown any fundamental defect and certainly not a complete miscarriage of justice or violation of due process.[6] No doubt he wishes his sentence to be different, but Defendant/Movant accepted responsibility for the crime and entered into a plea agreement with a clear outline of the sentencing standards to be applied, as confirmed by the District Judge in open court.

As described, Spalding merits no section 2255 relief on either claim. Because he has

---

[6]Guideline calculation errors rarely rise to the level of section 2255 cognizance. *See*, *e.g.*, *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996).

failed to establish entitlement to relief, his section 2255 motion must be denied.

## IV. CERTIFICATE OF APPEALABILITY

A Certificate of Appealability may issue where a petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires a petitioner to demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000); *see Miller-El v. Cockrell*, 123 S. Ct. 1029, 1039-40 (2003) (discussing development of standard). The reviewing court must indicate which specific issues satisfy the "substantial showing" requirement. 28 U.S.C. § 2253(c)(3); *see Bradley v. Birkett*, 156 F. App'x 771, 774 (6th Cir. 2005) (noting requirement of "individualized assessment of . . . claims") (citing *Porterfield v. Bell*, 258 F.3d 484, 487 (6th Cir. 2001)). For dismissals on procedural grounds, as to when a Certificate of Appealability should issue, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 120 S. Ct. at 1604.

On the instant record, no Certificate of Appealability should issue. No reasonable jurists would debate that Spalding suffered no prejudice resulting from any alleged ineffective assistance of counsel. Moreover, the Court's conclusion regarding Defendant/Movant's failure to show entitlement to relief on the sentencing calculations claim is not credibly debatable.

## V. RECOMMENDATION

For the reasons discussed above, the Court **RECOMMENDS** that the District Court **DENY** Defendant/Movant's motion for section 2255 relief. Because the filings and records

establish conclusively that Spalding should receive no section 2255 relief, the Court need not conduct an evidentiary hearing. The Court also recommends that the District Court **DENY** a Certificate of Appealability.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 8(b). Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 106 S. Ct. 466 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 29th day of August, 2011.

**Signed By:**
*Robert E. Wier*
**United States Magistrate Judge**