UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION: 5:08-162-KKC

UNITED STATES OF AMERICA,                                              PLAINTIFF

v.                           **OPINION AND ORDER**

KEVIN MARCUS SPALDING,                                                 DEFENDANT

\*\*\*   \*\*\*   \*\*\*   \*\*

This matter is before the Court on the Defendant's pro se Motion to Vacate under 28 U.S.C. § 2255 (DE 50) and the Defendant's Motion under Federal Rule of Civil Procedure Rule 4(a)(1)(6)(A) Opposition of Final Judgment (DE 63).

The Defendant's § 2255 motion was referred to the United States Magistrate Judge for consideration. On August 29, 2011, the Magistrate Judge entered a Recommended Disposition (DE 59) in which he recommends that the Defendant's § 2255 motion be denied and that a Certificate of Appealability not be issued.

The Clerk of the Court mailed the Defendant a copy of the Recommended Disposition at the address then on record -- Beaumont U.S. Penitentiary -- but that the mailing was returned as undeliverable. The Court was advised that the Defendant had been transferred to Talladega Federal Correctional Institution and, thus, in an Opinion dated April 9, 2012, the Court ordered the Clerk of the Court to mail the Recommended Disposition to the Defendant at the Talladega address. The Court permitted the Defendant to file objections within 14 days of being served with the Recommended Disposition at the Talladega address.

In the April 9, 2012 Opinion, the Court also addressed a letter from the Defendant that the Clerk of the Court had docketed as a Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense under 18 U.S.C. § 3582. (DE 61.) The Court explained that the Defendant was not eligible for a reduction in his sentence under 18 U.S.C. § 3582(c)(2). Pursuant to § 3582(c)(2), a court may modify a term of imprisonment if a defendant's sentence was based on a sentencing range that has subsequently been lowered by the Sentencing Commission and if such a reduction would be consistent with applicable Guidelines' policy statements. *See* 18 U.S.C. § 3582(c)(2); USSG § 1B1.10(a)(1). A reduction is inconsistent and therefore not authorized where the applicable Guidelines Amendment does not have the effect of lowering a defendant's Guideline range. USSG § 1B.10(a)(2)(B).

The Court assumed that the Defendant sought a sentence reduction under Amendment 706 which lowered the base offense level for most crack-cocaine narcotics offenses by two levels. *See* USSG Supp. App. C, amend. 706, 713.

The Defendant pleaded guilty to one count of possessing with intent to distribute five grams or more of a substance containing a detectable amount of crack cocaine in violation of 21 U.S.C. § 841(a)(1). On June 17, 2009, the Court sentenced him to a prison term of 120 months. His guideline range was 262 to 327 months. As the Court explained in its prior opinion, the Defendant's sentence was based on his status as a career offender under USSG § 4B1.1, not on his underlying drug offense. Amendment 706 did not affect the sentencing range imposed under the career-offender Guidelines. *United States v. Bridgewater*, 606 F.3d 258, 260–61 (6th Cir.2010). Accordingly, the Court found the Defendant was not eligible for a sentence reduction under Amendment 706. *Id*.

The Defendant has now filed a document that he has captioned "Motion under Federal Rule of Civil Procedure Rule 4(a)(1)(6)(A) Opposition of Final Judgment." In this document, the Defendant states that the Court misunderstood his prior motion. He argues that he did not file a motion under Amendment 706 as the Court had assumed, but instead under Amendment 750. He asks the Court to reconsider its April 9, 2012 Opinion and to determine if he is eligible for a sentence reduction under Amendment 750. With his motion, the Defendant also asks the Court for "the chance to respond to the magistrate report."

As to the Defendant's request to respond to the Magistrate Judge's Recommended Disposition, the Defendant does not assert that he did not receive a copy of the Recommended Disposition after the Court ordered that it be served on the Defendant at the Talladega address. Nor does he explain why he did not file objections to it in the time period ordered by the Court in its April 9, 2012 Opinion. Accordingly, to the extent that the Defendant requests additional time to object to the Magistrate Judge's Recommended Disposition, that request must be denied. Further, the Court has reviewed the Recommended Disposition and finds its reasoning sound. Accordingly, the Court will adopt the Recommended Disposition in its entirety as the Court's opinion on the Defendants motion under 28 U.S.C. § 2255.

As for the Defendant's request for a reconsideration of the Court's April 9, 2012 Opinion, the Defendant now seeks a sentence reduction under Amendment 750, which, like Amendment 706, lowered the base offense levels for certain quantities of crack cocaine. As the Court explained in its April 9, 2012 Opinion, the Defendant's sentence was based on his status as a career offender under USSG § 4B1.1, not on his underlying drug offense. Neither Amendment 706 nor Amendment 750 altered the career-offender Guidelines. Accordingly, the Defendant is not eligible for a sentence reduction under either amendment.

Furthermore, at the time of the Defendant's sentencing, because of his prior convictions, the Defendant's offense carried a ten-year (120-month) mandatory minimum sentence. 18 U.S.C. § 841(b)(1)(B)(iii) (2009). The Fair Sentencing Act of 2010 raised the quantity of cocaine base that would trigger a mandatory minimum term of imprisonment from 5 grams to 28 grams. However, the revisions to the statutory minimums contained in the FSA do not apply retroactively to defendants, like the Defendant, who were convicted and sentenced before its enactment. *United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010). Thus, the Defendant's "Motion under Federal Rule of Civil Procedure Rule 4(a)(1)(6)A) Opposition of Final Judgment," in which he seeks reconsideration of the Court's April 9, 2012 Opinion and Order, will be denied.

For all these reasons, the Court hereby ORDERS as follows:

1) The Magistrate Judges Recommended Disposition (DE 59) is ADOPTED as the Court's Opinion on the Defendant's Motion to Vacate under 28 U.S.C. §2255;

2) The Defendant's Motion to Vacate under 28 U.S.C. §2255 (DE 50) is DENIED;

3) A Certificate of Appealability SHALL NOT be issued; and

4) the Defendant's Motion under Federal Rule of Civil Procedure Rule 4(a)(1)(6)A) Opposition of Final Judgment (DE 63) is DENIED.

Dated this 16th day of October, 2012.



Signed By:
*Karen K. Caldwell*
United States District Judge