UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON


CRIMINAL ACTION: 5:08-162-KKC

UNITED STATES OF AMERICA,                                                    PLAINTIFF


v.                                   **<u>OPINION AND ORDER</u>**


KEVIN MARCUS SPALDING,                                                    DEFENDANT

\*\*\*  \*\*\*  \*\*\*  \*\*

        This matter is before the Court on the Defendant's pro se motion to reduce his sentence

pursuant to Guidelines Amendment 750 and *United States v. Blewett*, 719 F.3d  482 (6th Cir.

2013).  (DE 67).

        Amendment 750 amended the U.S. Sentencing Guidelines to lower the base offense

levels for certain quantities of crack cocaine. The Fair Sentencing Act " increased the drug

amounts triggering mandatory minimums for crack trafficking offenses from 5 grams to 28

grams in respect to the 5–year minimum and from 50 grams to 280 grams in respect to the 10–

year minimum (while leaving powder at 500 grams and 5,000 grams respectively)." *Dorsey v.*

*United States*, 132 S.Ct. 2321, 2329 (2012). "The change had the effect of lowering the 100–to–1

crack-to-powder ratio to 18–to–1." *Id.*

            In *United States v. Blewett*, 719 F.3d 482 (6th Cir. 2013), a panel of the Sixth

Circuit determined that the mandatory minimum sentences reduced by the Fair Sentencing Act

should apply retroactively. After the Defendant filed his motion, the Sixth Circuit issued an *en*

*banc* decision reversing the panel's decision. *See United States v. Blewett*, No. 12-5226, 2013

WL 6231727 (6th Cir. Dec. 3, 2013). The *en banc* decision makes clear that the Fair Sentencing Act does not apply retroactively to defendants whose sentences became final before the effective date of the act. The Defendant was sentenced prior to the effective date of the Fair Sentencing Act. Consistent with the *en banc* decision in *Blewett*, the act's new mandatory minimums do not apply retroactively to the Defendant's sentence.

Furthermore, as the Court has explained in response to prior motions by the Defendant, the Defendant's sentence was based on his status as a career offender under USSG § 4B1.1, not on his underlying drug offense. (DE 61, 64.) Neither Amendment 706 nor Amendment 750 altered the career-offender Guidelines.

A defendant is eligible for a sentence reduction only if his sentence was "based on" a sentencing range that was subsequently lowered and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); USSG § 1B1.10(a). The Sixth Circuit has consistently held that a defendant sentenced as a career offender is not eligible for a sentence reduction because his sentence was not "based on" the crack cocaine guidelines. *See, e.g., United States v.* Thompson, 714 F.3d 946, 950 (6th Cir. 2013); *United States v. Drewery*, No. 12-4128, 12-4488, 2013 WL 4054935, at * 4 (6th Cir. Aug. 13, 2013) (citing cases).

Accordingly, the Defendant's pro se motion to reduce his sentence pursuant to Guidelines Amendment 750 and *United States v. Blewett*, (DE 67) is DENIED.

Dated this 24th day of February, 2014.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY